## DE ST. AUBIN v. HOMRIGHOUS ET AL.

[No. 12,199.    Filed April 23, 1926.]

From Lake Superior Court; *Charles E. Greenwald*, Judge.

Suit by Addie F. Homrighous and others against Laurent De St. Aubin and others to have a judgment against the plaintiffs declared satisfied. From a judgment for plaintiffs, the named defendant and others appeal. *Reversed.* By the court in banc.

*McMahon & Conroy* and *Kliott & Hurley*, for appellants.

*Schuyler C. Dwyer* and *Hoy D. Davis*, for appellees.

REMY, J.—Suit by appellees Homrighous, Ferguson and Kionka against appellants and appellee Millstone to have declared satisfied a certain judgment against them, which judgment had been obtained by Millstone.

The case went to trial upon the second amended third paragraph of complaint, the material averments of which are:   On June 30, 1922, Millstone secured a judgment for $2,886.80 against

De St. Aubin *v.* Homrighous—84 Ind. App. 714.

plaintiffs as indorsers on certain notes known as the Kionka notes; that after the rendition of the judgment, but before the fact that the judgment had been rendered was known to plaintiffs, an agreement, hereinafter referred to as the escrow agreement, was entered into between plaintiffs and the Griffith Land Company, Ernest De St. Aubin, First National Bank of Hammond and John C. Henning, by the terms of which plaintiffs were to deposit with the bank their quitclaim deeds to certain land in the city of Gary, together with certain other papers, all of which deeds and papers were to be surrendered to the Griffith Land Company when that company had paid certain listed claims, including the Kionka notes on which plaintiffs were indorsers, and which without plaintiffs' knowledge had been reduced to the judgment in controversy; that through the fraud of the Griffith Land Company, the First National Bank of Hammond and appellee Ernest De St. Aubin, plaintiffs were induced to modify the escrow agreement by an indorsement thereon to the effect that the deeds and papers were to be delivered by the bank when certain claims were paid, which claims did not include the Kionka notes; that upon the payment of the claims referred to in the indorsement, the deeds and papers held by the bank were delivered to the Griffith Land Company, which company by its president thereupon conveyed the Gary land to Henning; that with the money received for the land the Millstone judgment was paid; that when the judgment was paid it was not satisfied of record, but was by appellant Ernest De St. Aubin fraudulently assigned to appellant Laurent De St. Aubin. At all times mentioned in the complaint, Homrighous, Ferguson and Kionka were doing business as the Evergreen Burial Park Company.

To the complaint, appellees answered in denial, and a trial resulted in a judgment for the plaintiffs, from which this appeal is prosecuted. Millstone, having refused to join in the appeal, is made an appellee.

Action of the court in overruling motion for new trial is assigned as error. The only question for consideration is the sufficiency of the evidence.

The important issue of fact presented by the pleadings is that by reason of the fraudulent acts of appellants, the escrow agreement was so modified as to permit the delivery of the deeds and papers without first paying the Kionka notes. Before plaintiffs can recover in the suit, the alleged fraud would have to be established by competent evidence. We have carefully read the testimony of all the witnesses, and find no evidence whatever of fraud. It follows that the judgment is not sustained by sufficient evidence.

Reversed.